J. Irwin Shapiro, J.
Motion by five of the six plaintiffs for partial summary judgment, pursuant to rule 114 of the Buies of Civil Practice.
In Madden v. Atkins (4 N Y 2d 283, 297) the Court of Appeals determined that these plaintiffs were “ unjustly expelled by action of the ” defendants and that they “ may recover from Local 88 whatever damages they may have sustained.” The judgment of the Appellate Division in favor of the plaintiffs was thereupon “ modified insofar as it failed to grant damages to the plaintiffs * * * and the matter remitted to Special Term for the assessment of such damages”. Special Term referred the question of assessment of damages to Honorable Charles S. Golden, Official Beferee, before whom testimony on that issue was taken. The hearings have been concluded and, *139 at the request of the learned Referee, memoranda of law were submitted by both sides, setting forth their respective theory of damages. As part of such memorandum so submitted each side made, mathematical computations of damages.
It is now contended by the plaintiffs that in its memorandum of law submitted by its attorney, defendant admitted that no matter on what basis the plaintiffs’ damages are calculated it owes the five moving plaintiffs here a minimum of $42,887.17, and it is for that sum that this motion for partial summary judgment is made.
I know of no case which granted summary or partial summary judgment when the action was sub judice after the taking of testimony before any judge or tribunal. The purpose of a motion for summary judgment is to determine in advance of trial whether there is an issue to be tried.
Though one can sympathize with the plaintiffs’ desire to lay their hands on some money quickly and to which, according to the ruling of the Court of Appeals, they are entitled, the adoption of any procedure such as is suggested by this motion would prevent the orderly and seemly administration of justice in a court composed of many judges. It would introduce a procedure in which the same issue in the same case might be determined differently by two separate judges or courts. In the absence of the submission by the plaintiffs of any convincing authorities on this matter and considering the question de novo, the court feels that regardless of any merits in the plaintiffs’ position the motion for partial summary judgment, under the circumstances hereinabove outlined, is not maintainable.
The motion is denied. Submit order.